**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**KIRBY LAVALLEE,**

      **Plaintiff,**

                          **CASE NO.: 8:20-cv-02159-CEH-TGW**

      **v.**

**CHAD CHRONISTER as Sheriff of Hillsborough**
**County, Florida,**

      **Defendant.**

_____/

**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S**
**MOTION FOR STAY PENDING MANDAMUS**

Defendant, Chad Chronister, in his official capacity as Sheriff of

Hillsborough County, Florida, files this memorandum of law in response to

Plaintiff's Motion for Stay Pending Mandamus.

**MEMORANDUM OF LAW**

**A. Introduction**

Plaintiff, Kirby Lavallee, seeks an order staying all remaining deadlines in

the Case Management and Scheduling Order while he attempts to complete

discovery. (ECF Doc. 62). He claims that the public records requests, which were

made after the discovery deadline, are "pertinent to the issue of pretext," and

therefore require "this case [to] be stayed." Id. But, Lavallee fails to explain,

much less even cite, why there is "good cause" for a stay or why there is

"excusable neglect" to complete discovery after the discovery deadline. Absent this showing, Lavallee's Motion must be denied.

### B. Background and Procedural History

On December 31, 2020, this Court entered its CMSO, which set forth, among other things, a discovery cut-off, dates for pretrial submissions, a date for a final pretrial conference, and a trial term. (See ECF Doc. 21).

During the discovery period, the Parties engaged in written and oral discovery. In fact, Lavallee served HCSO with his first and second request for production, which consisted of a total of 111 requests. HCSO responded to those requests, and Lavallee did not raise any concerns with those responses to HCSO or to the Court.

After discovery closed on September 3, 2021, Lavallee's counsel made three separate public records requests to HCSO on September 30, 2021, December 7, 2021, and December 12, 2021. In those requests, Lavallee asked, in part, for "[a]ll IA files referred to in the disciplinary history" for excessive force and conduct unbecoming "as stated in the IA Report of Kirby Lavallee between October 23, 2013, and October 22, 2018."

Lavallee alleges that he has only received some of the requested documents. He filed a Writ of Mandamus on January 5, 2022, in the Circuit Court of the Tenth Judicial Circuit, in and for Polk County, Florida asking the court to

direct the Sheriff's Office to produce the remaining public records that he requested. The Tenth Judicial Circuit later transferred the writ of mandamus to the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida, since it was filed in the wrong forum.

On February 15, 2022, in accordance with the CMSO, the Parties filed their Joint Pretrial Statement (ECF Doc. 57), Joint Jury Instructions (ECF Doc. 58), Verdict Form (ECF Do. 59), and Proposed Voir Dire (ECF Doc. 60).

On February 22, 2022, Lavallee filed his Motion for Stay Pending Mandamus. (ECF. Doc. 62).

Two days after filing his Motion, Lavallee's attorneys contacted HCSO and agreed to pay the deposits associated with his respective public records requests, which are voluminous and will require substantial amounts of time to prepare for production.

### C. The Court should not issue a stay in this case.

Courts generally have broad discretion to stay proceedings under the court's inherent power to control their own dockets. See Arkin v. Smith Med. Partners, LLC, Case. No. 8:19-cv-2410-T-36TGW, 2020 WL 1666158, *2 (M.D. Fla. April 3, 2020). But the party seeking the stay must first demonstrate why a stay should be issued. Id. And the Court must weigh competing interests and maintain an even balance when exercising its judgment regarding a stay. Id.

3

1. **Lavallee has not demonstrated "good cause" for why a stay should be issued.**

A pending post-discovery writ of mandamus does not justify the entering of a stay in this case. The writ of mandamus concerns records that Lavallee could have but did not diligently seek during discovery. And the CMSO specifically states: "[f]ailure to complete discovery within the time established by this Order shall not constitute cause for continuance." (ECF Doc. 21).

Good cause ordinarily exists "where the court's case management schedule cannot be 'met despite the diligence of the party seeking the extension.'" Angelucci v. Geico Ins. Co., 2009 WL 10670385, *2 (M.D. Fla. 2009); see also Sosa v. Airprint Sys., 133 F.3d 1417, 1418 (11th Cir. 1998) (per curiam) (stating "good cause standard precludes modification unless the schedule cannot be met despite the diligence of the party seeking extension."); Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992) (holding the good cause inquiry should end if moving party was not diligent).

A party is not diligent if it failed to make any effort to obtain or even complete the discovery within the discovery deadline. See Thurmond v. Bayer Healthcare Pharm., Inc., 649 Fed. App'x 1003, 1005 (11th Cir. 2016) (affirming denial of motion to extend discovery where the party had not yet initiated any depositions at the expiration of the deadline); Ashmore v. Sec'y, Dep't of Transp., 503 Fed. App'x 683, 686 (11th Cir. 2013) (court did not abuse its discretion in

denying motion to extend the discovery deadline where the party had not propounded any discovery requests until one day before the deadline).

Here, Lavallee has not demonstrated good cause to stay the case. Lavallee has not explained why he did not diligently obtain the requested records during the nine-month discovery period, or why he waited 27 and 95 days after the discovery deadline to make his public records requests, especially if they are "pertinent to the issue of pretext," which he claims them to be on page 2 of his Motion. Lavallee also has not explained why he did not diligently pay the required deposits associated with his public records requests despite accusing HCSO of "stonewalling [his] efforts to obtain this evidence." Id.

Nevertheless, under Lavallee's logic, any plaintiff who is suing a public entity may make a public records request after the close of discovery, a tactic not available to plaintiffs who sue non-governmental entities, and then move to stay the case whenever he or she is unsatisfied with the agency's response. By rewarding this type of dilatory behavior, the Court will permit Lavallee to undermine Rule 16 and the CMSO.

Accordingly, Lavallee has failed to establish "good cause" to stay the case, and his Motion must therefore be denied.

**2.  A stay pending the writ of mandamus would prejudice HCSO, which outweighs any interest Lavallee has for the stay.**

Ultimately, Lavallee's Motion is a disguised attempt to extend the discovery deadline. Because Lavallee's attempt to seek additional discovery was brought 172 days after the discovery deadline, Lavallee must show that he failed to complete discovery because of "excusable neglect." Fed. R. Civ. P. 6(b)(1)(B); F.T.C. v. Lalonde, 545 Fed. App'x 832, 834 (11th Cir. 2013).

Excusable neglect is determined by considering four factors: (1) the danger of prejudice to the non-moving party; (2) the length of the delay and the impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the moving party, and (4) whether the moving party acted in good faith. Ashmore, 503 Fed. App'x at 685-86. "[I]nadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable neglect'…" Pioneer Ins. Servs. Co. v. Brunswick Assocs. Ltd. Partnership, 507 U.S. 380, 392 (1993).

HCSO would be prejudiced by this additional discovery since it has "already filed its motion for summary judgment," Ashmore, 503 Fed. App'x at 686, and other pretrial submissions. If the Court were to grant Lavallee's Motion, then HCSO would need to amend its witness list, its exhibit list, and its motions in limine. Because Lavallee's Motion would require modification of the CMSO and amendments to the pretrial submissions, this Court should find against

6

excusable neglect. See Wright v. Dyck-O'neal Inc., 2:15-cv-249, 2016 WL 3912050, *3 (M.D. Fla. 2016); Inman v. Richman Prop. Serv., Inc., 3:13-cv-941, 2014 WL 4639131 (M.D. Fla. 2014).

Moreover, Lavallee cannot explain why failing to conduct additional discovery prior to the expiration of the discovery deadline was not within his control. In fact, the records sought in his September 30, 2021 public records request centers on IA files that were referenced or referred to in Lavallee's IA investigation, which was provided to him over three years ago. Thus, Lavallee cannot excuse his failure to timely conduct discovery based on a mere oversight or a last-minute change in his legal strategy. See Blake v. Enhanced Recovery Co., No. 3:10-cv-1178, 2011 WL 3625594, *2 (M.D. Fla. 2011); see also Wright, 2016 WL 3912050 at *5 ("failure to correctly calendar the deadline…is not excusable neglect").

Accordingly, Lavallee has failed to demonstrate excusable neglect, and his Motion must therefore be denied.

### D. Conclusion

Lavallee is attempting to stay the deadlines in the CMSO while he conducts untimely discovery. Since Lavallee cannot show good cause or excusable neglect for why he didn't timely conduct such discovery, Lavallee's

7

Motion must be denied. HCSO should be awarded any relief that is just and proper for having to respond to this Motion, including attorney's fees.

Respectfully submitted,

*/s/ Christopher M. Bentley*
CHRISTOPHER M. BENTLEY
Florida Bar No.: 052616
COLBY J. ELLIS
Florida Bar No.: 1019588
**Johnson Jackson PLLC**
100 N. Tampa St., Suite 2310
Tampa, Florida 33602
Telephone: (813) 580-8400
Facsimile: (813) 580-8407
Email: cbentley@johnsonjackson.com
        cellis@johnsonjackson.com
        *Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 7th day of March 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following attorneys for Plaintiff.

Marie A. Mattox
Katherine L. Viker
MARIE MATTOX, P.A.
203 North Gadsden Street
Tallahassee, FL 32301
Telephone: (850) 383-4800
Facsimile: (850) 383-4801
E-mail:      Marie@mattoxlaw.com
             katherine@mattoxlaw.com
Secondary emails:

marlene@mattoxlaw.com
michelle@mattoxlaw.com

/s/ Christopher M. Bentley
Attorney