UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**KIRBY LAVALLEE,**

    **Plaintiff,**

                                 **CASE NO.: 8:20-cv-02159-CEH-TGW**

    v.

**CHAD CHRONISTER as Sheriff of Hillsborough County, Florida,**

    **Defendants.**
_____/

**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND FILINGS IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT TO FILE NEWLY DISCOVERED EVIDENCE**

Defendant, Chad Chronister, in his official capacity as Sheriff of Hillsborough County ("HCSO"), Florida, files this memorandum in response to Plaintiff's Motion for Leave to Amend Filings in Opposition to Defendant's Motion for Summary Judgment to File Newly Discovered Evidence.

**MEMORANDUM OF LAW**

A. Introduction

This is the second attempt by Plaintiff, Kirby Lavallee, to conduct additional discovery **after the discovery deadline** for information that could have been requested during the nine-month discovery period. In fact, Lavallee makes this request:

1

- **9 months and 11 days after** the discovery deadline;

- **8 months and 8 days after** HCSO filed its Motion for Summary Judgment;

- **3 months and 29 days after** the Parties filed their Joint Pretrial Statement, Jury Instructions, Verdict Form and Proposed Voir Dire; and

- **2 months and 7 days after** the Court denied his Motion to Stay.

Although Lavallee claims that "[a] confidential source[1] subsequently provided information previously unknown to Plaintiff that led to newly discovered evidence," Lavallee is silent as to why he did not request such information during discovery.

In fact, in his Motion to Stay, Lavallee stated he "intends to demonstrate pretext…by showing that other employees were not fired when they committed the same or similar offense." **But this begs the question, if Lavallee always intended to proceed in this manner, then why did he not request such information during discovery?** The answer is simple. Lavallee was not diligent in his efforts. His Motion therefore must be denied.

---

[1] Upon information and belief, Lavallee's confidential source is Brian Boswell. Boswell has a pending lawsuit against HCSO in the Thirteenth Judicial Circuit and is being represented by Lavallee's attorneys. When the undersigned attempted to question Lavallee during his deposition about his communications with Boswell, Lavallee's counsel invoked the attorney-client privilege and common-interest privilege, even though Boswell does not assert a whistleblower claim against HCSO. (ECF No. 38, pp. 288-290, 292-293).

## B. Background and Procedural History

On December 31, 2020, this Court entered its Case Management and Scheduling Order ("CMSO") which set forth, among other things, a discovery cut-off, dates for pretrial submissions, a date for a final pretrial conference, and a trial term. (ECF Doc. 21).

During the discovery period, the Parties engaged in written and oral discovery. Lavallee served HCSO with his first and second request for production, which consisted of a total of 111 requests. HCSO responded to those requests, and Lavallee did not raise any concerns with those responses to HCSO or the Court. Lavallee also took nine depositions in this case.

After discovery closed on September 3, 2021, Lavallee's counsel made three separate public records requests to HCSO on September 30, 2021, December 7, 2021, and December 12, 2021. In his September 30, 2021, request, Lavallee asked, in part, for "[a]ll IA files referred to in the disciplinary history" for excessive force and conduct unbecoming "as stated in the IA Report of Kirby Lavallee between October 23, 2013, and October 22, 2018." Then on December 7, 2021, Lavallee requested "[a]ll Internal Affairs Investigations of Deputy Sean P. Bush."

On January 5, 2022, Lavallee filed a Writ of Mandamus in the Circuit Court of the Tenth Judicial Circuit, in and for Polk County, Florida, asking the court to

direct HCSO to produce the remaining public records that he requested. The Tenth Judicial Circuit subsequently transferred the writ of mandamus to the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida, since it was filed in the wrong forum. HCSO explained that some of the records were not produced because Lavallee had not paid the required deposits associated with those public records requests. Upon receiving the necessary deposits, HCSO produced the requested records.

On February 15, 2022, in accordance with the CMSO, the Parties filed their Joint Pretrial Statement (ECF Doc. 57), Joint Jury Instructions (ECF Doc. 58), Verdict Form (ECF Doc. 59), and Proposed Voir Dire (ECF Doc. 60).

On February 22, 2022, HCSO filed its omnibus motion in limine (ECF Doc. 61), which in part, seeks to exclude the testimony of Sean Bush, who was not previously disclosed to HCSO as a potential fact witness in this case. Lavallee filed his response, and stated, in relevant part:

> Plaintiff contends the IA file of Sean Bush, including the video of his action, would show that, contrary to the treatment of Plaintiff, Deputy Bush did not make any whistle blower disclosures and, because he did not make any whistleblower allegations, he was retained as an employee despite engaging in conduct far worse than that of Plaintiff.

(ECF No. Doc. 68, p. 5).

On February 22, 2022, Lavallee filed his Motion for Stay Pending Mandamus. (ECF. Doc. 62). In his motion, Lavallee stated that he "intends to

4

demonstrate pretext by showing other employees were not fired when they committed the same or similar offenses for which Defendant states Plaintiff was fired." (Id. at ¶ 3). On April 7, 2022, the Court denied Lavallee's motion finding that Lavallee had not established good cause to stay the case. (ECF No. 70).

Now, approximately two months later, Lavallee moves to amend his response to Defendant's Motion for Summary Judgment so that he can rely on evidence that he could have requested during the normal course of discovery and to reopen discovery to depose an unspecified number of witnesses.

### C. The Court should deny Lavallee's Motion because he cannot demonstrate "good cause" and "excusable neglect."

"A party seeking the extension of an already-expired scheduling order deadline must show both good cause and excusable neglect." Payne v. C.R. Bard, Inc., 606 F. App'x 940, 944 (11th Cir. 2015) (citing Fed. R. Civ. P. 6(b)(1), 16(b)(4)). Because Lavallee cannot show either, his Motion must be denied.

#### 1. Lavallee has not demonstrated "good cause" for amending his response in opposition to the HCSO's motion for summary judgment and for reopening discovery.

The CMSO provides that the "failure to complete discovery within the time established by this Order shall not constitute a cause for continuance." (ECF Doc. 21).

Good cause ordinarily exists "where the court's case management schedule cannot be 'met despite the diligence of the party seeking the

5

extension.'" Angelucci v. Geico Ins. Co., Case. No. 3:08-cv-660-J-20-MCR, 2009 WL 10670385, *2 (M.D. Fla. July 14, 2009); see also Sosa v. Airprint Sys., 133 F.3d 1417, 1418 (11th Cir. 1998) (per curiam) (stating "good cause standard precludes modification unless the schedule cannot be met despite the diligence of the party seeking extension."); Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992) (holding the good cause inquiry should end if moving party was not diligent).

A party is not diligent if it failed to make any effort to obtain or even complete the discovery within the discovery deadline. See Thurmond v. Bayer Healthcare Pharm., Inc., 649 F. App'x 1003, 1005 (11th Cir. 2016) (affirming denial of motion to extend discovery where the party had not yet initiated any depositions at the expiration of the deadline); Ashmore v. Sec'y, Dep't of Transp., 503 F. App'x 683, 686 (11th Cir. 2013) (court did not abuse its discretion in denying motion to extend the discovery deadline where the party had not propounded any discovery requests until one day before the deadline).

Lavallee has failed to demonstrate "good cause" to amend his response to HCSO's motion for summary judgment, file supplemental evidence, and reopen discovery. Lavallee has not explained why he did not diligently obtain this evidence during the nine-month discovery period.

Although Lavallee claims that the Professional Standards investigation regarding Deputy Bush is "newly discovered" evidence, he fails to inform this Court that the Professional Standards investigation was initiated on December 2, 2020, approximately two years after Lavallee's termination, and that it concluded on March 1, 2021, approximately seven months before the close of discovery in this case.[2] He could have therefore requested information that pertained to Deputy Bush and/or other deputies who were similarly investigated for excessive use of force, but he failed to do so.

Nevertheless, under Lavallee's logic, any plaintiff who is suing a public entity may make a public records request after the close of discovery, a tactic not available to plaintiffs who sue non-governmental entities, and then move to amend prior filings and reopen discovery under the guise of "newly discovered evidence." Because of this, the Court should not permit Lavallee to undermine Fed. R. Civ. P. 16 and the CMSO. Nor should Lavallee be allowed to continue to conduct discovery through public records requests after the discovery deadline and then rely on that information in this case.

Accordingly, Lavallee has failed to establish "good cause" to stay the case. His Motion must be denied.

---

[2] HCSO reserves any argument that Professional Standards investigation regarding Bush and subsequent discipline meets the "similarly situated in all material respects" standards outlined in Lewis v. City of Union City, Ga., 934 F.3d 1169, 1185 (11th Cir. 2019).

### 2. Additionally, Lavallee has not shown "excusable neglect" for failing to seek documents that relate to Deputy Bush and to reopen discovery.

Because Lavallee is attempting to reopen discovery months after the deadline, he must demonstrate "excusable neglect." Fed. R. Civ. P. 6(b)(1)(B); F.T.C. v. Lalonde, 545 F. App'x 832, 834 (11th Cir. 2013).

Excusable neglect is determined by considering four factors: (1) the danger of prejudice to the non-moving party; (2) the length of the delay and the impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the moving party, and (4) whether the moving party acted in good faith. Ashmore, 503 F. App'x at 685-86. "[I]nadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable neglect'…" Pioneer Ins. Servs. Co. v. Brunswick Assocs. Ltd. Partnership, 507 U.S. 380, 392 (1993).

HCSO would be prejudiced by the requested relief based on the length of the delay and since it has "already filed its motion for summary judgment," Ashmore, 503 F. App'x at 686, and other pretrial submissions. If the Court were to grant Lavallee's Motion, HCSO would then need to conduct additional discovery and amend its (1) reply to its Motion for Summary Judgment, (2) Joint Pretrial Statement, (3) Witness List, (3) Exhibit List, (4) Motion in Limine, and (5) Trial Brief.

Since Lavallee's Motion would require modification of the CMSO and amendments to the pretrial submissions, the Court should find against excusable neglect. See Wright v. Dyck-O'neal Inc., Case No. 2:15-cv-249, 2016 WL 3912050, *3 (M.D. Fla. June 27, 2016); Inman v. Richman Prop. Serv., Inc., 3:13-cv-941, 2014 WL 4639131, *3 (M.D. Fla. Sept. 16, 2014).

Moreover, Lavallee cannot explain why his failure to conduct additional discovery prior to the expiration of the discovery deadline was not within his control. He should not be able to excuse his failure to conduct timely discovery based on a mere oversight or a last-minute change in his legal strategy. See Blake v. Enhanced Recovery Co., No. 3:10-cv-1178, 2011 WL 3625594, *2 (M.D. Fla. Aug. 17, 2011); see also Wright, 2016 WL 3912050 at *5 ("failure to correctly calendar the deadline…is not excusable neglect"). Nor can he demonstrate excusable neglect when he waited 3 months and 29 days after identifying Sean Bush as a witness or 3 months and 4 days after he filed in response to HCSO's motion in limine.

Accordingly, Lavallee has failed to demonstrate excusable neglect, and his Motion must therefore be denied.

### D. Lavallee failed to comply with Rule 56(d) to allow the Court to defer ruling on HCSO's Motion for Summary Judgment or permit additional discovery.

Rule 56(d) of the Federal Rules of Civil Procedure allows a Court to defer ruling on a motion for summary judgment or otherwise permit additional time for discovery "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d).

The Rule "reflects the principle that 'the party opposing a motion for summary judgment should be permitted an adequate opportunity to complete discovery prior to the consideration of the motion." Reyes v. BJ's Restaurants, Inc., 2018 WL 3872111, *3 (S.D. Fla. Aug. 15, 2018); Jones v. City of Columbus, 120 F.3d 248, 253 (11th Cir. 1997) (per curiam).

Lavallee's Motion must be denied because Lavallee **failed to submit a declaration or affidavit** explaining why he cannot present facts to justify its opposition 7 months and 3 days after filing its opposition. Nor can Lavallee explain, as argued above, why he did not timely complete this discovery before filing his response.

### A. Conclusion

Lavallee is attempting to amend his response in opposition to HCSO's motion for summary, to rely on supplemental evidence, and to take an

unspecified number of depositions. Since Lavallee cannot show good cause or excusable neglect for why he did not timely request this information during discovery, Lavallee's Motion must be denied. Otherwise, HCSO would be prejudiced. Lavallee also failed to comply with Rule 56(d) in support of his request. HCSO should be awarded any relief that is just and proper for having to respond to this Motion, including attorney's fees.

>Respectfully submitted,
>
>*/s/ Christopher M. Bentley*
>CHRISTOPHER M. BENTLEY
>Florida Bar No.: 052616
>COLBY J. ELLIS
>Florida Bar No.: 1019588
>**Johnson Jackson PLLC**
>100 N. Tampa St., Suite 2310
>Tampa, Florida 33602
>Telephone: (813) 580-8400
>Facsimile: (813) 580-8407
>Email: kjohnson@johnsonjackson.com
>          cbentley@johnsonjackson.com
>          cellis@johnsonjackson.com
>          *Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 23rd day of June 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following attorneys for Plaintiff.

    Marie A. Mattox
    Katherine L. Viker
    MARIE MATTOX, P.A.
    203 North Gadsden Street
    Tallahassee, FL 32301
    Telephone: (850) 383-4800
    Facsimile: (850) 383-4801
    E-mail:    Marie@mattoxlaw.com
                katherine@mattoxlaw.com
    Secondary emails:
                marlene@mattoxlaw.com
                michelle@mattoxlaw.com

                                            */s/ Christopher M. Bentley*
                                            Attorney