UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KIRBY LAVALLEE,

    Plaintiff,

v.                                      Case No: 8:20-cv-2159-CEH-TGW

CHAD CHRONISTER,

    Defendant.
_____

## ORDER

    This matter is before the Court upon review of the file. Because all federal claims have been dismissed, pursuant to 28 U.S.C. § 1367(c)(3), the Court declines to exercise its supplemental jurisdiction over the remaining state law claim. Upon consideration, this action is due to be remanded to the Circuit Court of the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida.

## DISCUSSION

    Plaintiff, Kirby Lavallee, filed suit in state court against Defendant Chad Chronister, as Sheriff of Hillsborough County, Florida, alleging a single claim of retaliation under Florida's Public Employee Whistleblower Act, Fla. Stat. § 112.3187, et seq. ("FWA"). Doc. 1-1. Thereafter, Plaintiff amended his Complaint to add Jared White and Kristi Poore as named Defendants. Doc. 1-5. The Amended Complaint also added claims for common law abuse of process, defamation, First Amendment retaliation, and deprivation of civil rights under 42 U.S.C. § 1983. *Id.* With the addition

of the federal claims to Plaintiff's Amended Complaint, the Defendant Sheriff removed the action to this Court. Doc. 1.

White and Poore moved to dismiss Plaintiff's Amended Complaint (Doc. 7), and the Plaintiff did not oppose (Doc. 17). Accordingly, the Court granted the motion to dismiss and dismissed all claims against the individual Defendants. Doc. 25.

The Sheriff also moved to dismiss the claims against him in Counts I (retaliation under FWA); V (First Amendment retaliation), and VI (civil rights deprivation under 42 U.S.C. § 1983). Doc. 8. The Court granted-in-part and denied-in-part the Sheriff's motion to dismiss. Doc. 31. Specifically, the Court granted the motion to dismiss as to Plaintiff's federal claims in Counts V and VI. *Id.* at 18. Dismissal of Plaintiff's First Amendment retaliation and due process claims was without prejudice, and the Court gave Plaintiff the opportunity to file a Second Amended Complaint within 14 days of the Court's dismissal of Counts V and VI. *Id.* Plaintiff moved for an extension of time to file a Second Amended Complaint (Doc. 32), which the Court granted (Doc. 34). Notwithstanding being given the opportunity to amend his federal claims, Plaintiff chose not to do so. The only claim remaining is Plaintiff's state law claim against the Sheriff in Count I for violation of the FWA, Fla. Stat. § 112.3187, et seq. Thus, the Court has dismissed all claims over which it has original jurisdiction.

The resolution of Plaintiff's FWA claim will require analysis of Florida law. "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise

jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988). This action is not currently scheduled for trial. Therefore, the Court will decline to exercise its supplemental jurisdiction over the remaining state law claim under the FWA. *See* 28 U.S.C. § 1367(c)(3) ("[D]istrict courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction.").

Accordingly, it is hereby

**ORDERED**:

1. All federal-law claims having been dismissed, the Court declines to exercise supplemental jurisdiction over the remaining state law claim in Count I (retaliation under Florida's Public Employee Whistleblower Act, Fla. Stat. § 112.3187, et seq.) of the Amended Complaint.

2. This action is **REMANDED** to the Circuit Court of the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida.

3. The Clerk is directed to transmit a certified copy of this Order to the Clerk of the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida.

4. The Clerk is further directed to terminate any pending motions and deadlines and **CLOSE** this case.

**DONE** and **ORDERED** in Tampa, Florida on June 30, 2022.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Parties

4