### UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

KIRBY LAVALLEE,

      Plaintiff,

v.                              Case No: 8:20-cv-2159-CEH-TGW

CHAD CHRONISTER,

      Defendant.

_____/

## O R D E R

    This matter comes before the Court on the Defendant's Motion for Reconsideration of Court's Order Declining Supplemental Jurisdiction (Doc. 77), filed on July 12, 2022. In the motion, Defendant requests the Court reconsider its order declining supplemental jurisdiction over Plaintiff's state law claims after the Court dismissed Plaintiff's federal claims. The Court, having considered the motion and being fully advised in the premises, will deny Defendant's Motion for Reconsideration of Court's Order Declining Supplemental Jurisdiction.

### DISCUSSION

    This action was initiated by Plaintiff, Kirby Lavallee, in the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County. Doc. 1-5. Defendant Chad Chronister, Sheriff of Hillsborough County, removed the case from state court to this Court on September 14, 2020. Doc. 1. On December 31, 2020, the Court issued a Case Management and Scheduling Order. Doc. 21. Defendant moved to dismiss Plaintiff's

Complaint, which the Court granted-in-part and denied-in-part. Docs. 8, 31. In granting, in part, the motion to dismiss, the Court dismissed Plaintiff's federal claims against Defendant in Counts V and VI for First Amendment retaliation and violation of due process under 42 U.S.C. § 1983. Doc. 31. The Court denied Defendant's motion to dismiss Plaintiff's claim against Defendant under Florida's Whistleblower Act. In its Order dismissing the federal claims, the Court granted Plaintiff leave to file an amended complaint. Doc. 31 at 18. Plaintiff did not timely amend his federal claims, leaving only the state law whistleblower claim. Thereafter, Defendant filed a motion for summary judgment. Doc. 37.

On June 30, 2022, the Court issued an order declining to exercise supplemental jurisdiction over the remaining state-law claim. Doc. 75. At the time, the case was not set for trial.[1] Defendant now moves for reconsideration of the Court's order declining to exercise supplemental jurisdiction, arguing that declining supplemental jurisdiction at this stage in the proceedings runs counter to judicial economy and results in increased time and expense for the parties. Specifically, Defendant submits that the parties have engaged in written and oral discovery, including 111 requests for production and at least ten depositions, and the parties have mediated the case. Additionally, Defendant has filed a motion for summary judgment to which Plaintiff filed a response in opposition. Finally, Defendant states the parties have prepared

---

[1] The Court removed the case from the trial docket pending a ruling on the motion for summary judgment. Doc. 69.

pretrial filings including witness and exhibit lists, verdict form, proposed voir dire, jury instructions, and a motion in limine.

"A motion for reconsideration must demonstrate why the court should reconsider its prior decision and 'set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.'" *Florida Coll. of Osteopathic Med., Inc. v. Dean Witter Reynolds, Inc.*, 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998) (quoting *Cover v. Wal–Mart Stores, Inc.*, 148 F.R.D. 294, 295 (M.D. Fla. 1993)). Courts generally recognize three grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice. *Id.*

Defendant's motion is unpersuasive. It does not set forth facts or arguments demonstrating an intervening change in law, the availability of new evidence, or the need to correct clear error or manifest injustice. Rather, Defendant essentially argues that given the stage in the proceedings, the time spent in discovery and motion practice is wasted with remand. The Court disagrees. For the most part, the discovery engaged in by the parties, the mediation attended, the motions filed, and the pretrial submissions will not be lost by the parties by requiring the Plaintiff to pursue his claim where he initially sought to litigate it. The parties will still be able to use in the state court case the discovery they exchanged and the depositions taken. And, since the only remaining claim at the time of filing its motion for summary judgment was the state law whistleblower claim, the motion is based primarily on state law and may appropriately be resolved by the state circuit court judge. Indeed, effective May 1,

2021, Rule 1.510, Fla. R. Civ. P., which governs motions for summary judgment in the state court, was amended to adopt almost all the text of Rule 56, Fed. R. Civ. P., and the federal summary judgment standard.

Pursuant to 28 U.S.C. § 1367(c)(3), a district court has discretion to remand cases involving pendent state-law claims when the "district court has dismissed all claims over which it has original jurisdiction." The Court dismissed Plaintiff's federal claims, and Plaintiff chose not to amend those claims, leaving only the single state-law whistleblower claim. At the time of dismissal of the federal claims, the case was not yet set for trial. In *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966), the Supreme Court stated that "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well." Although the Supreme Court has since clarified that this statement is not a mandatory rule, the Court has recognized "that in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). Defendant's motion for consideration is due to be denied. Accordingly, it is

**ORDERED**:

1.      Defendant's Motion for Reconsideration of Court's Order Declining Supplemental Jurisdiction (Doc. 77) is **DENIED**.

**DONE AND ORDERED** in Tampa, Florida on August 9, 2022.

Charlene Edwards Honeywell
United States District Judge

Copies to: Counsel of Record and Unrepresented Parties, if any